CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 12 2010

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM A. WHITE, | ) | Civil Action No. 7:10-cv-00345 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SECOR, INC., et al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

Plaintiff William A. White, a federal inmate proceeding pro se, filed a complaint pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, et seq. Plaintiff complains that Rita Parker, the Director of the Lebanon Community Corrections Center ("LCCC"), will not accept him from the Bureau of Prisons. The LCCC provides half-way house programming for the Bureau of Prisons. Plaintiff argues that the defendants will not accept him into the half-way house program because of his alleged Narcissistic Personality Disorder and on-going violent behaviors. Plaintiff argues that the defendants are discriminating against him, in violation of the ADA, by not allowing him to participate in the half-way house program because of his personality disorder. Plaintiff requests as relief an injunction compelling the defendants to accept his transfer from the Bureau of Prisons. Plaintiff admits that he "is seeking administrative remedy from the Bureau of Prisons parallel[] with the filing of this complaint . . . ." (Compl. 4.) After screening the complaint pursuant to 28 U.S.C. §§ 1915[1] and 1915A, the court dismisses the action without prejudice for failing to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

---

[1] Plaintiff did not submit the $350.00 filing fee at the time of the complaint and stated the payment would be filed once the Clerk's Office docketed the complaint. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002). However, the court did not receive the filing fee after docketing. Therefore, the court construes the pro se complaint that lacked the requisite filing fee as requesting leave to proceed without prepayment of the filing fee.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is a mandatory prerequisite to filing a civil action in federal court, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including the ADA. Woodford v. Ngo, 548 U.S. 81, 90 (2006). While failure to exhaust as required by § 1997e(a) is an affirmative defense, the court may raise the issue of exhaustion and, "in the rare case where failure to exhaust is apparent from the face of the complaint," may summarily dismiss a complaint on that ground. Anderson, 407 F.3d at 682.

It is clear from the face of plaintiff's submissions that he did not complete the available administrative remedies procedures before filing the instant complaint. Plaintiff states in his complaint that he filed a at least one grievance but that an appeal is still pending. Until plaintiff properly exhausts his administrative remedies, he has not given prison officials a fair opportunity to address his complaint, one of the primary justifications for the exhaustion requirement.

A plaintiff is not required to plead administrative exhaustion in the complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007). However, defendants will move for dismissal if he files his complaint before completing the exhaustion process, and the court must dismiss the suit. Therefore, it is in the interest of judicial economy (and in plaintiff's own best interest) for the

court to summarily dismiss a civil action if it is clear from plaintiff's own submissions that he has not exhausted administrative remedies before filing the lawsuit. See Anderson, 407 F.3d at 682. Accordingly, the court dismisses the complaint without prejudice for failing to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).[2]

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 12th day of August, 2010.

Senior United States District Judge

---

[2] Plaintiff may refile his claims in a new civil action once he exhausts all administrative reviews in the proper order.